**William B. CHANDLER, Jr., Petitioner,**

v.

**W. Howard WORKMAN, Respondent.**

Superior Court of Delaware, Sussex.

Submitted Aug. 22, 1974.

Decided Nov. 4, 1975.

William Swain Lee, Betts & Lee, Georgetown, and Randy J. Holland, Dunlap & Holland, Georgetown, for petitioner.

Eugene H. Bayard, Wilson, Halbrook & Bayard, Georgetown, for respondent.

TEASE, Judge.

Petitioner William B. Chandler has brought this action under Title 15 of the Delaware Code to contest the right of respondent W. Howard Workman to hold the office of County Councilman from the 5th Councilmanic District of Sussex County, to which respondent claims to have been duly elected in a General Election held on November 5, 1974. Petitioner alleges the illegality of certain absentee ballots cast for respondent and alleges that if such ballots are discounted the result will be that petitioner, and not respondent, has been duly elected to the aforesaid office. Respondent has moved to dismiss the petition on the ground that certain specific statutory requirements for an election contest have not been met.

In pertinent part, 15 Del.C. § 5945 sets out the following requirements for a petition for an election contest based on the illegality of votes:

"When the contest shall be on the ground of illegal votes, the statement shall specifically, fully and explicitly set forth the names, residences and respective causes of disqualification of each person alleged to have illegally voted, the polls at which such illegal vote has been received, the names of the election officers favoring the acceptance of such vote, whether such vote was challenged by the duly accredited challenger of the party of which the contestant was the candidate, and whether all the judges or inspectors present at such polls concurred in accepting and receiving such vote. *If it appears that* all of such judges or inspectors concurred in accepting or receiving such vote or that *the right of the voters, respectively, to deposit such votes was not at the time challenged by the duly accredited challenger* of the party of which the contestant was a candidate, *the legality or illegality of such vote shall not be brought into question in any such contest.*" (Emphasis added)

Petitioner acknowledges that his pleadings were not in compliance with the above requirements. Principally, the deficiency alleged is that no challenge of the absentee ballots now being contested was made on

election day. Petitioner admits that because of this failure to challenge at the polls, "the statute would appear to preclude this contest", but he urges the court to adopt a construction of the statute which would create an exception in the case of absentee ballots because there are numerous factual situations where an election day challenge would be either impractical or impossible.

Petitioner argues that since the requirement of an election day challenge, as a condition precedent to a later contest based on illegal votes, was adopted in 1893, 19 Del.Laws, Ch. 572, § 1, and since the authorization for absentee ballots was not made a part of the Constitution until 1943, 44 Del.Laws, Ch. 1, the legislature could not have intended that this requirement apply to absentee ballots.

Petitioner further argues that the requirements of 15 Del.C. § 5945 cannot be construed to apply to absentee ballots, since such a construction would leave some absentee ballots free of any practical challenge procedure. It is the opinion of this court, however, that these arguments do not find support in the statutory scheme.

■ Petitioner's contention that the General Assembly intended to treat challenges to the vote of an absentee voter differently than challenges to other voters is answered directly by 15 Del.C. § 5516, wherein it is provided that:

"The vote of any absentee voter may be challenged for the same causes and in the same manner as provided in this title for other voters. In addition, the vote of an absentee voter may be challenged on the ground that the affidavit filed by the voter in compliance with § 5503 of this title is false. *Upon challenge, proceedings thereon shall be as provided elsewhere in this title.*" (Emphasis added)

It is thus clear that the adoption of laws providing for absentee ballot voting was not accompanied by an intent that such ballots be excepted from the conditions set out in 15 Del.C. § 5945 for a contest based on the ground of "illegal votes".

The imposition of such requirements on the challenge of absentee ballots does not, of course, leave candidates without a workable method for challenging some absentee ballots. 15 Del.C. § 5521 requires the department of elections of each county to maintain detailed records on absentee voters "for the prevention of fraud and to make possible the tracing and detection of any attempt to do so." The challenger appointed by each political party is entitled to inspect all such records at the polling place. 15 Del.C. § 4934. The candidates thus have the same opportunity to discover prior recorded irregularities in absentee ballots as they have with respect to other voters.

It is regrettable, however, that allegations of fraud and possible criminal conduct of the kind alleged in the petition cannot be tested in an open forum by an election contest in Delaware. As pointed out by the petitioner, if the present statutory provisions prevent his petition from being pursued, it may well be impossible to uncover absentee voter fraud of these kinds and use them as a basis for an election contest. For instance, it would be impossible to base such a contest on perjury or deception involved in obtaining an absentee ballot, the ability of the absentee voter to have cast his ballot in person, the improper processing or voting of the ballot, or deceit, deception and perjury in setting out the reasons for the obtaining of the absentee ballot, the kinds of conduct specified in the petition in this case.

■ The legislative history of the election contest statutes and the provisions for absentee voting, however, compel the court to proclaim a possible right without remedy, an unfortunate conclusion indeed. Section 5945 of Title 15, originally enacted in

1893 was reenacted by the General Assembly 10 years after the date of the passage and adoption of the absentee voter constitutional amendment. In 1953 the Revised Code Commission recommended, and the General Assembly provided, that the Delaware Code of 1953, ". . . as hereinafter set forth is hereby adopted and enacted into law." The courts are bound to assume, thereafter, that the General Assembly had full and complete knowledge of all of the provisions of that Code that were not inherently contradictory or incompatible.

That being the case, some kinds of absentee voter fraud cannot form the basis of an election contest under § 5945 but their control must be left to the criminal justice system.

The judicial system is not a legislative body and the remedy for any inadequacies in 15 Del.C. § 5945 must come from the General Assembly. I respectfully call to the attention of the General Assembly of the State of Delaware the need for an immediate revision of the requirements of a petition for an election contest consistent with the right of all of us to a " . . . guarantee that the expression of popular will is not thwarted and the integrity of the political system is maintained." 29 C.J.S. Election § 247, p. 685, to see that the legally expressed will of the majority must prevail in elections, *Lammot v. Walz*, 48 Del. (9 Terry) 532, 107 A.2d 905 (1954), and to see to the preservation of the "freedom and purity of elections" and the prevention of "fraud". Delaware Constitution of 1897, Article V, § 1.

Since the absentee ballots now being contested were not challenged at the polling place as required by 15 Del.C. § 5945, their legality or illegality may not, in accordance with the discussion herein, now be brought into question. Respondent's motion to dismiss the petition is therefore granted.