Jesse WALKER, Plaintiff,

v.

Lewis C. WRIGHTSON, State Election
Commissioner of Delaware, et al.,
Defendants.

Superior Court of Delaware,
New Castle.

Submitted April 29, 1977.

Decided May 24, 1977.

Charles J. Kennedy, Wilmington, for
plaintiff.

A. Gary Wilson, Deputy Atty. Gen.,
David A. Drexler, Morris, Nichols, Arsht &
Tunnell, Wilmington, and Clifford B.
Hearn, Jr., of Balick & Hearn, Wilmington,
for defendants.

STIFTEL, President Judge.

Jesse Walker, plaintiff and one of the
candidates defeated on November 2, 1976
for the office of Mayor of the City of Wil-
mington, appeared *pro se* and filed a com-
plaint on November 19, 1976, contesting the
election results. On December 29, 1976,
plaintiff, with the assistance of counsel, at-
tempted to amend his complaint. He ad-
mitted that the original complaint was de-
fective because it did not comply with the
requirements of 15 Del.C. § 5945.[1] On Feb-

---

1. § 5945. Statement of contestant; contents.
   "When any person authorized to do so un-
der this chapter desires to contest the right of
any person declared duly elected to such of-
fice, he shall, within 20 days after the result
of the election shall have been officially as-
certained by the board of canvass, or officers
legally authorized to ascertain the same, and
at least 60 days before the first day of the
term of court at which the contest shall be
tried or called for trial, file with the Prothon-
otary in the county in which the contest is
made, in full, particular and explicit state-
ment setting forth fully and specifically the
names of any and all election officers upon

the malconduct of whom he will rely and
respecting which he intends to procure evi-
dence, and setting forth the election districts
of such election officers and the particular
malconduct of each, respectively, the names
and residences of the witnesses and the sub-
stance of their testimony, by whom he ex-
pects to prove such malconduct. If such
contest is based upon ineligibility of a person
to hold the office, the statement shall specifi-
cally, fully and explicitly state the grounds
and causes of the ineligibility of the person
whose right to the office is contested. When
such contest is based on alleged bribe or
reward or the offer of a bribe or reward, the

ruary 28, 1977, the parties stipulated, with the Court's approval, to allow the proposed amendment, subject to defendants' right to oppose it with all timely defenses.

The defendants, William T. McLaughlin, winner of the election, Lewis C. Wrightson, State Election Commissioner, and the members of the Board of Elections for New Castle County moved to dismiss. They asserted that the action was not timely filed and that plaintiff lacked sufficient standing to bring it.

Plaintiff's amended complaint alleges that the placement of his name on the ballot's far right side constituted malconduct on the part of certain named election officials. Plaintiff's name appeared on the ballot six columns to the right of the names of the other candidates for Mayor. This placement, plaintiff alleges, deprived him of the votes of people who may have wished to vote for him but could not locate his name. Plaintiff also alleges that many people who did not vote for him because they could not locate his name voted instead for one of the other two candidates. This benefited the victor and therefore, he alleges, it can be inferred that a correct placement of plaintiff's name would have changed the election's result.

Pursuant to 15 *Del.C.* § 5945, the amended complaint lists the witnesses plaintiff plans to rely upon to prove the malconduct. The listing reveals that five people did not vote for any candidate because they could not locate plaintiff's name on the ballot,

that three voters did not locate plaintiff's name until they requested and received the assistance of officials at the polling places, that one person found it difficult to locate plaintiff's name but persevered and eventually located it, that one person thought it was tough to find and that three people felt it was tough to locate and in fact never did locate it. Not one of plaintiff's witnesses will testify that he voted for another candidate because he was unable to locate plaintiff's name.

■ Initially, it must be pointed out that 15 *Del.C.* § 5952 limits plaintiff's proof to the facts set forth in his complaint. That provision states:

"At the trial of any contest under this subchapter the contestant shall be limited in his proof and in the admission of evidence to the witnesses named in the statement, and the witnesses shall be limited in their testimony to the facts set forth in the statement with respect to which it shall be stated that they will be expected to testify."

Not one of plaintiff's witnesses will testify that he voted for one of the other mayoralty candidates because he could not find plaintiff's name on the ballot. The allegation that this occurred and benefited defendant McLaughlin must be disregarded as unprovable at trial.

■ The first issue before the Court is whether or not plaintiff's contest was timely filed. It is admitted by all parties that plaintiff's original complaint was defective,

statement shall explicitly, fully and clearly state the name of any elector, election officer or other person to whom any bribe or reward shall have been offered and the time, place and amount of such bribe or reward and the name and residence of the witnesses by whom the contestant expects to prove the offering of any bribe or reward, with a brief statement of their testimony. When the contest shall be on the ground of illegal votes, the statement shall specifically, fully and explicitly set forth the names, residences and respective causes of disqualification of each person alleged to have illegally voted, the polls at which such illegal vote has been received, the names of the election officers favoring the acceptance of such vote, whether such vote was challenged by the duly

accredited challenger of the party of which the contestant was the candidate, and whether all the judges or inspectors present at such polls concurred in accepting and receiving such vote. If it appears that all of such judges or inspectors concurred in accepting or receiving such vote or that the right of the voters, respectively, to deposit such votes was not at the time challenged by the duly accredited challenger of the party of which the contestant was a candidate, the legality or illegality of such vote shall not be brought into question in any such contest. The statement shall further set forth the names and residences of the witnesses who shall be produced on behalf of the contestant to prove such illegal votes and the substance of the testimony to be given by each.

and thus, it was necessary to amend it. Election contests must be filed ". . . within 20 days after the result of the election shall have been officially ascertained . . ." 15 *Del.C.* § 5945. In the case at bar, the 20 day period began to run on November 4, 1976. The amended complaint does not satisfy the statutorily mandated time period. The original complaint of November 19, 1976 does. The question is whether the amendment relates back to the day of the filing of the admittedly defective original complaint. I think not.

Plaintiff argues in favor of the amendment by stressing that the original complaint, though defective, gave defendants notice, that notice pleading is favored, that modern practice favors a liberal application of the rules to amend and that defendants would not be prejudiced by granting leave to amend. These positions are not persuasive.

■ Election contests are statutory creations. They are not derived from the common law. As such, election contest petitions normally must strictly comply with the statutory requirements to be valid. *Chandler v. Workman,* 348 A.2d 185 (1975).

The majority rule holds that election contest pleadings cannot be amended after the time for filing the original pleading has expired. 26 *Am.Jur.2d,* "Elections", § 341. Deviation from this majority position is not warranted in the case at bar. The Court will not give life to a contest that has had no existence by permitting plaintiff to amend when the time for filing the original complaint has expired.

To promote continuity of government and stability in the election process, election contests are regulated by specific, detailed procedures. Plaintiff's failure to comply with the mandatory provisions of 15 *Del.C.* § 5945 must result in a dismissal of his claim for relief. *State ex rel Stabler v. Whittington,* Del.Super., 290 A.2d 659 (1972).

Motions to dismiss granted.

IT IS SO ORDERED.